# AMERICAN SUGAR REFINING CO. v. PAGE & SHAW, Inc.

Circuit Court of Appeals, First Circuit.
December 27, 1927.

No. 2152.

**1. Sales ⚖⇒177—Seller's application of sugars on contract for certain month is controlling, in absence of substantial evidence warranting finding of change of purpose.**

Application by seller of sugar in fulfillment of contract calling for delivery of sugars in certain month is controlling, in absence of substantial evidence warranting finding that seller changed its purpose to have sugars so applied and agreed with buyer that they might be applied to contract calling for delivery in different month.

**2. Sales ⚖⇒387—Evidence as to seller's changing expressed intention that sugars should be applied on certain contract held insufficient for jury.**

In seller's action to recover damages for breach of contract for sale of sugar, evidence as to seller's changing expressed intention that sugars shipped under delivery orders of September should be applied on contract calling for delivery in August and agreement that they should be applied on later contract held insufficient for jury.

**3. Sales ⊙⇒177—Buyer, on accepting sugars, must apply them to contract as directed by seller or procure seller's assent to different application.**

Buyer of sugar under certain contracts had no right to apply sugars to any contract that it saw fit, and, if it accepted sugars, was obliged to apply them as directed by seller or procure seller's consent to their being otherwise applied.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Action by the American Sugar Refining Company against Page & Shaw, Inc. Judgment for defendant, and plaintiff brings error. Judgment vacated, and verdict set aside, in so far as they relate to one count, and case remanded for a new trial.

Lothrop Withington, of Boston, Mass. (Sherman L. Whipple, of Boston, Mass., on the brief), for plaintiff in error.

George R. Nutter, of Boston, Mass. (Dunbar, Nutter & McClennen, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is an action of contract brought by the American Sugar Refining Company, a New Jersey corporation, against Page & Shaw, Inc., a Massachusetts corporation, to recover damages for the breach of two contracts. The declaration contained two counts. In the first count it was alleged that on or about June 7, 1920, the defendant entered into a contract with the plaintiff, whereby the plaintiff agreed to sell and deliver, and the defendant agreed to buy, accept, and pay for 150 barrels, or equivalent, of sugar, at the price of 22½ cents per pound; that by its terms the plaintiff was to deliver the sugar during the month of September, 1920, or as soon thereafter as is possible, and that the defendant was to inform the plaintiff of the assortment desired before September 1, 1920; that, while the plaintiff was at all times ready and willing to deliver the sugar, the defendant neglected to give the assortment and shipping instructions or to accept and pay for the sugar as agreed.

The second count alleged that on June 7, 1920, the parties entered into a similar contract for the sale and purchase of 50 barrels, or equivalent, of sugar, at the same price; that delivery was to be made during the month of October, 1920, or as soon thereafter as is possible, the desired assortment to be furnished the plaintiff before October 1, 1920. Like allegations as to plaintiff being ready and willing to deliver the sugar and defendant's neglect to give assortments and accept and pay were made.

The defendant in its answer set up numerous defenses, but at the trial admitted the making of the contracts. The defense relied upon, as to the first count, was that it had taken and paid for the sugar called for under that contract; and, as to the second count, a general denial. The jury found a verdict for the defendant on both counts, upon which judgment was entered, and this writ of error prosecuted.

The errors assigned are that the court erred: (1) In refusing to direct a verdict in the sum of $4,609.50 and interest from September 1, 1920, for the plaintiff on the first count; (2) in instructing the jury that they could find the 125 barrels of sugar delivered in June was sent on the contract dated June 15th calling for delivery of 125 barrels in the month of July; (3) in instructing the jury that the question as to what contract the deliveries in June applied rested upon what was intended by the parties; (4) in instructing the jury that the plaintiff made no claim that there was any contract, written or verbal, under which the 125 barrels were delivered in June; (5) in instructing the jury there was any contradiction of Hosmer's testimony concerning these contracts. These assignments do not concern the second count. All objections as to that count are waived.

As above stated, the defendant admitted that on the 7th of June, 1920, it entered into a contract in writing with the plaintiff for the purchase of 150 barrels of sugar, at 22½ cents per pound, delivery "to be during September or as soon thereafter as is possible." The written contract was put in evidence, and it further appeared: That, at the time the contract was signed, the defendant received a copy of it, which was also put in evidence. That on October 8, 1920, the plaintiff's agent, Hosmer, who had charge of making out orders for delivery against contracts and the determination of the contracts against which the deliveries of sugar should be made, as was the custom, made out orders for delivery against this contract, sending one copy of each delivery order to the defendant, one to plaintiff's refinery from which the sugar was to be shipped, one to its bookkeeping department, and held one for himself. That he made a notation on the original contract of the numbers of the delivery orders and of the amount of sugar assigned to that contract on each such order. That each order had a number, put on at the time the order was made out, and on each order was stated the

contract to which the sugar desired under the order was to be applied. That on the face of the written contract here in question, under the date of October 8, 1920, he made the following entries of delivery orders: No. 9279—30 bbls.; No. 9280—30 bbls.; No. 9281—30 bbls. That on the same date, October 8, 1920, he sent a copy of each of the three delivery orders to Page & Shaw, on each of which appeared the words, "Sept. Contract," the words "30 bbls.," "price 22.-50," and in the right-hand lower corner of the first delivery order were the words "Order No. 9279," on the second one "Order No. 9280," and on the third "Order No. 9281." The copies of the three delivery orders, which were sent to and received by the defendant, were put in evidence; also letters showing that, immediately upon receipt of these delivery orders, the defendant wrote the plaintiff that it had no outstanding existing contracts for September, that it had received in September the entire amount of sugar for which it had contracted with the plaintiff for delivery in September.

The position taken by the defendant at that time was the same that it later took at the trial in defense of the action on the first count, viz.: That it had received and paid for all the sugar it had contracted for delivery in September.

It further appeared that the defendant received five shipments of sugar of 30 barrels each, the first one on September 10th, the second and third on September 23d, the fourth on September 27th, and the fifth on September 28th, making a total of 150 barrels, which shipments it claimed were made and intended to apply to the contract in question calling for delivery of 150 barrels in September, or as soon thereafter as is possible. It also appeared that on June 7, 1920, the defendant had made a written contract with the plaintiff for the purchase of 150 barrels of sugar to be delivered during the month of August, 1920, or as soon thereafter as is possible, and that, on September 9, 1920, Hosmer minuted on the face of that contract the following delivery orders: No. 8540—30bbls.; No. 8541—30bbls.; No. 8542—30 bbls.; No. 8545—30 bbls.; No. 8544—30 bbls.—and on that date, September 9, 1920, sent to the defendant five delivery orders, on each of which was stated the number of the order and the number of barrels of sugar covered by the order, the same as was recorded on the face of the contract, and on the face of each delivery order was printed in bold type the words "August Contract." These are the sugars which the defendant

claims to apply to the contract here sued upon, calling for delivery in September, or as soon thereafter as possible. It also appeared that the shipping receipt made out when the sugar was shipped and the invoice sent the defendant covering the shipment, each bore the numbers of the delivery orders.

[1] Now, these delivery orders which were sent to the defendant on September 9, 1920, for 150 barrels of sugar, and which the defendant is seeking to have applied to the contract sued upon calling for delivery in September, or as soon thereafter as is possible, show that, when they were made out, sent, and received by the defendant, the plaintiff intended the sugars therein specified, and which were later shipped, should be applied in fulfillment of the contract calling for delivery in August. That intention and application must stand, unless there was some substantial evidence in the case from which the jury would have been warranted in finding that the plaintiff changed its purpose to have those sugars so applied, and agreed with the defendant that they might be applied to the contract calling for delivery in September.

[2] After diligent study we are unable to find any evidence from which it reasonably could be concluded that the plaintiff changed its expressed intention that the sugars, shipped under the delivery orders of September 9, 1920, should be applied on the contract calling for delivery in August, and agreed that they should be applied on the September contract here in suit. The defendant cannot well claim that the delivery orders dated September 9, 1920, did not inform it and that it did not know that the sugars therein specified were to be shipped under the contract calling for August delivery. The defendant had no such difficulty when it received the delivery orders dated October 8, 1920, which stated they were orders for shipments under the September contract. The delivery orders dated September 9th and October 8th were of exactly the same nature and character, except that the first ones called for deliveries in August and the second ones in September. On receipt of those dated October 8th saying, "Sept. Contract," the defendant at once replied by letter saying: "We have no September contracts existing with you. We received in September the entire amount of sugar for which we had contracted with you for delivery in September."

[3] It seems clear to us that the issue raised by the pleadings as to the contract declared on in count 1 was never passed upon by the jury. It appeared that between the 30th of May and the 7th of June (as the defendant's

agent, Curtis, testified) the plaintiff orally agreed to sell to the defendant 125 barrels of sugar to be delivered during the week of June 7th (June 7 to 12, inclusive) or (as plaintiff's agent testified) as soon as possible; that on June 7, 1920, the plaintiff gave or sent to the defendant three confirmation papers, each bearing the date of June 7, 1920, calling, respectively, for the delivery of 25, 50, and 50 barrels of sugar, on each of which it was stated that the plaintiff had sold to the defendant (specifying the number of barrels), "fine gran., price 22.50, shipment as soon as possible," and which in the lower right-hand corner were numbered, respectively, "4517," "4518," and "4519"; that these sugars were received by the defendant, "25 bbls." on June 19th, "50 bbls." June 21st, and "50 bbls." June 22d. And that on June 15, 1920, the plaintiff made a written contract with the defendant to sell 125 barrels of sugar, deliverable in July or as soon thereafter as is possible. The issue submitted to the jury was whether, subsequent to June 15th, the date of the written contract for delivery in July of 125 barrels, the parties agreed to apply the 125 barrels covered by the prior oral contract to the June 15th contract, calling for July delivery. We regard this issue as irrelevant. Its determination would not conclude or in any way decide the question necessary to a decision of this case, viz. whether the plaintiff had changed his expressed intention that the sugars shipped under the delivery orders of September 9th should be applied on the contract calling for August deliveries and agreed with the defendant that they should be applied on the September contract. The defendant could not apply these sugars to any contract made with the plaintiff that it saw fit. If it accepted the sugars, it was obliged to apply them as directed by the plaintiff, or procure the plaintiff's assent to their being otherwise applied.

We do not find it necessary to examine the other questions raised. We think, however, that the instructions given the jury, even upon the question submitted, were calculated to mislead rather than aid them in their deliberations.

The amount of damages which the plaintiff was entitled to recover, if it recover at all, was agreed to be $4,609.50 with interest from September 30, 1920. And, while we are of the opinion that the District Court should have directed a verdict for the plaintiff, yet, as this is an action at law, and this court in such case is without power to direct a verdict, the judgment must be vacated, the verdict set aside, and the case remanded to the District Court for a new trial.

The judgment of the District Court is vacated, and the verdict set aside, so far as they relate to the first count, and the case is remanded to the District Court for a new trial; the plaintiff in error recovers costs in this court.